GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
         justin.rhoades@usdoj.gov
         jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>       v.<br><br>RAMON NARCISO MORALES MENDOZA, ET AL.,<br><br>        Defendants. | CR No. 09-230(A)-SVW<br><br><u>GOVERNMENT'S POSITION RE: SENTENCING FOR DEFENDANT JOHN HENRY JOHNSON; EXHIBIT</u><br><br>SENTENCING DATE: 11/30/2009 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant John Henry Johnson.

///

///

The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: November 9, 2009              Respectfully submitted,

                                               GEORGE S. CARDONA
                                               Acting United States Attorney

                                               CHRISTINE C. EWELL
                                               Assistant United States Attorney
                                               Chief, Criminal Division

                                               /s/
                                               JEFF MITCHELL
                                               Assistant United States Attorney

                                               Attorneys for Plaintiff
                                               United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 3, 2009, defendant John Henry Johnson ("defendant") pled guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than 100 grams of heroin but less than 400 grams of heroin in violation of 21 U.S.C. § 846. Defendant admitted that he regularly called co-defendant Pedro Luis Perez-Cruz, aka "Arguayo" ("Perez-Cruz") on the telephone to order heroin packaged for distribution, both for himself and for co-defendant William Johnson. Defendant also admitted that the conspiracy involved the distribution of more than 100 grams of heroin but less than 400 grams. (Plea Agreement ¶ 11). Defendant admitted to specific instances wherein he undertook these activities, including on October 11, 2008, when defendant told co-defendant Perez-Cruz that defendant needed heroin delivered as soon as possible, because defendant had a customer who was threatening to buy heroin from another source. Id. Another example of defendant's participation in the conspiracy occurred on October 28, 2008, when defendant told co-defendant Perez-Cruz that defendant's customers would buy heroin from another source of supply if Perez-Cruz did not deliver heroin to defendant within half an hour. Id. Another example occurred on November 25, 2008, when defendant possessed with the intent to distribute approximately 4.64 grams of heroin that he received from co-defendants Perez-Cruz and Lopez-Quiroz at a car wash in East Los Angeles, California. Id.

//
//

1

## II. THE PRESENTENCE REPORT

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on October 28, 2009. The PSR calculated the total offense level as follows:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 26 | U.S.S.G. § 2D1.1(c)(7) |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |

PSR ¶¶ 24-34; see also, Plea Agreement ¶ 14. The PSR also calculated a criminal history category of V based on 12 criminal history points. (PSR ¶ 60). The PSR calculated the guideline sentence to be 84-105 months imprisonment, a minimum of 4 years' supervised release, and a mandatory special assessment of $100. (PSR ¶¶ 95-106).

## III. PROBATION OFFICE'S RECOMMENDATION

The United States Probation Office recommended the following sentence: a 84-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. (USPO Recommendation Letter at 1). The Probation Officer found that defendant does not have the ability to pay a fine. Id. at 5.

## IV. THE GOVERNMENT'S RECOMMENDATION

The United States does not object to the calculations and findings set forth in the PSR,[1] or to the Probation Officer's recommendation for a low-end guideline sentence.

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty. U.S.S.G. § 3E1.1(b).

2

Accordingly, and as set forth herein, the United States submits that defendant should be sentenced to the low end of the guideline range.[2] Specifically, the government recommends the following sentence: a term of 84 months imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100. The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a), as discussed herein.

        1.    <u>The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant</u>

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Here, defendant has admitted to distributing heroin for profit. (Plea Agreement ¶ 11).

As with many of the defendants in this case, the defendant has a long history of drug addiction and has been using heroin on and off for approximately 14 years. (PSR ¶ 77). Defendant has also participated in a substance abuse program in 2005 while in state prison, but relapsed in 2008. (PSR ¶ 78).

In addition to the convictions used to calculate defendant's criminal history, he has an additional 13 convictions which were not counted toward his criminal history category; many of which were for either being under the influence or in possession of a controlled substance. (PSR ¶ 66).

Also of concern to the government is that defendant was

---

[2] In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the United States Supreme Court held that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." 125 S. Ct. at 757.

3

acting as a member of the conspiracy approximately nine months after being discharged from parole for a state conviction for Possession of a Controlled Substance for Sale, in which he received two years imprisonment. (PSR ¶ 56). If the government had learned of defendant's involvement in the conspiracy nine months earlier, defendant would have received an additional two criminal points for committing the instant offense while on parole and been in criminal history category VI. See U.S.S.G. § 4A1.1(d). In truth, the government only learned of the defendant after intercepting wire communication from co-defendant Perez-Cruz. That wire interception began on October 7, 2008. Two days after the interception first began, the defendant, "aka Juanito," was intercepted over the wire ordering heroin from co-defendant Perez-Cruz. (Exhibit A).

### 2. The Need For The Sentence Imposed

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. As alleged in the indictment, the instant conspiracy was a long-running conspiracy kept going by various members of the Mendoza organization in Mexico, who would come to the United States in order to coordinate and facilitate the distribution of heroin. The offense was a serious one in that this organization was responsible for the distribution of large amounts of heroin throughout southern California, continuously supplying the region for many years. In order to deter the organization from

4

continuing to operate and to deter others from attempting to replace those arrested, a significant period of incarceration is warranted for defendant.

Moreover, defendant's addiction to controlled substances is long-running and has resulted in a continued disregard for the law. (USPO Recommendation Letter at 4). As noted in the PSR, previously lengthy terms of imprisonment have not been successful in deterring defendant. (USPO Recommendation Letter at 4). Accordingly, a significant term of imprisonment is needed to impress upon defendant the seriousness of his conduct.

    3.   <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Following the recommended sentencing guideline range will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Here, the USPO has recommended a low-end guideline range for defendant, 84 months. Such a sentence would be similar, if not equivalent, to the sentence recommendations that the United States has agreed to with the co-defendants in the case who also acted as resellers of heroin.

## V. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 84 months imprisonment, four years of supervised release, and a special assessment of $100.